IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JORDY JOSE RODRIGUEZ MEZQUITA** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 26-1136 |
| | : | |
| **BRIAN MCSHANE**, *et al.* | : | |

# ORDER

**AND NOW**, this 2nd day of March, 2026, upon consideration of petitioner Jordy Rodriguez Mezquita's petition for a writ of habeas corpus under 28 U.S.C. § 2241 (DI 1), and the government's response (DI 4), it is **ORDERED** that Mr. Mezquita's petition is **GRANTED** for the reasons that follow:

1. Mr. Mezquita is a native and citizen of the Dominican Republic, who entered the United States without inspection in or around January 2024. DI 1 at ¶ 1. Mr. Mezquita was apprehended by Immigration and Customs Enforcement (ICE) after entering the United States, and was released contingent on enrollment and successful participation in ICE's Alternatives to Detention (ATD) program. *Id.* at ¶¶ 2-3. He settled in Philadelphia, Pennsylvania and has lived with his uncle who employs Mr. Mezquita at his store. *Id.* at ¶ 6. Between January 2024 and February 18, 2026, Mr. Mezquita appeared, in compliance with ICE orders, at regular check-ins and complied with all terms of his supervised release. *Id.* at ¶¶ 4-5, 9. Mr. Mezquita is an asylum seeker with a pending asylum claim before the Philadelphia Immigration Court. *Id.* at ¶ 7. He has no criminal history. *Id.* at ¶ 10.

2. On February 18, 2026, Mr. Mezquita was arrested by ICE at one of his regular check-ins at ICE's Philadelphia Field Office. *Id.* at ¶ 8. Mr. Mezquita is now being detained at the Philadelphia Federal Detention Facility without eligibility for bond under 8 U.S.C. §

1225(b)(2).  *Id.* at ¶ 11.

3. Section 1226 of the Immigration and Nationality Act (INA), titled "Apprehension and detention of aliens," applies to aliens already in the United States and gives the Attorney General discretion to detain an alien or release them on bond pending a decision on the alien's removal.  8 U.S.C. § 1226(a); *see Nielsen v. Preap*, 586 U.S. 392, 397 (2019).  If detained, the alien may request a bond hearing before an immigration judge and may be released if he can show he is not a flight risk and does not pose a danger to the community.  8 C.F.R. § 1236.1(c)(8), (d)(1); *Nielsen*, 586 U.S. at 398.

4. By contrast, Section 1225 of the INA, titled "Inspection by immigration officers; expedited removal of inadmissible arriving aliens; referral for hearing," provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title."  8 U.S.C. § 1225(b)(2).  Detention under Section 1225(b)(2) is mandatory and a detainee may only be released "for urgent humanitarian reasons or significant public benefit."  *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018) (citation modified).

5. On September 15, 2025, the Board of Immigration Appeals (BIA) issued a decision in *Matter of Yajure Hurtado* 29 I. & N. Dec. 216 (BIA Sept. 5, 2025).[1]  Under the BIA's *Hurtado* decision, BIA concluded that resident aliens are subject to detention under 8

---

[1] While the government now breaks their detentions down into four categories which they argue have "certain legal and factual distinctions" — without any explanation of what those distinctions are — the government acknowledges that "the fundamental point of departure between the government's position and the position advanced by petitioners and adopted in over 200 decisions in this district relates to the correct interpretation of § 1225(b)(2)(A)."  DI 4 at 2.

U.S.C. § 1225(b)(2)(A), not 8 U.S.C. § 1226(a), which would render aliens present in the United States ineligible to be released on bond.[2] The government argues that Mr. Mezquita is not entitled to a bond hearing. DI 4 at 4-7. We disagree.

6.   As the government acknowledges, the "vast majority" of courts confronted with this issue "have rejected the government's position," including more than 200 decisions from judges in this district to date. *Id.* at 3 (ECF). We adopt the reasoning of judges of this district for the wholly persuasive reasons stated therein.[3] See, e.g., *Patel v. McShane*, No. 25-cv-5975, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025) (Brody, J.); *Ndiaye v. Jamison*, No. 25-cv-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025) (Sánchez, J.); *Demirel v. Fed. Det. Ctr. Philadelphia*, No. 25-cv-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) (Diamond, J.); *Kashranov v. Jamison*, No. 25-cv-5555, 2025 WL 3188399, at *4-7 (E.D. Pa. Nov. 14, 2025) (Wolson, J.); *Cantu-Cortes v. O'Neill, et al.*, No. 25-cv-6338, 2025 WL 31716392 (E.D. Pa. Nov. 13, 2025) (Kenney, J.); *Centeno Ibarra v. Warden of the Federal Detention Center*, et al., No. 25-cv-6312, 2025 WL 3294726 (E.D. Pa. Nov. 25, 2025) (Rufe, J.); *Buele Morocho v. Jamison*, et al., No. 25-cv-5930, 2025 WL 3296300 (E.D. Pa. Nov. 26, 2025) (Gallagher, J.); *Diallo v. O'Neill, et al*, No 25-cv6358, 2025 WL 3298003 (E.D. Pa. Nov. 26, 2025) (Savage, J.); *Espinal Rosa v. O'Neill, et al.*, No. 25-cv6376, 2025 WL 3708900 (E.D. Pa. Nov. 25, 2025) (Weilheimer, J.); *Wu v. Jamison, et al.*, No. 25-cv-6469 (E.D. Pa. Dec. 1, 2025) (Gallagher, J.); *Flores Obando v. Bondi*, No. 25-cv-

---

[2] The government now also cites to the BIA's decision in *Matter of Q. Li*, 29 IN 66 (BIA 2025), which contains an nearly identical interpretation of § 1225 at *Hurtado*.

[3] We do not cite to the over 200 cases decided against the government on this issue because the government acknowledges the weight of authority against it. Rather, we cite a sample of those decisions by way of example.

3

6474, 2025 WL 3452047 (E.D. Pa. Dec. 1, 2025) (Brody, J.); *Valdivia Martinez v. FDC*, No. 25-cv-6568 (E.D. Pa. Dec. 1, 2025) (Savage, J.); *Soumare v. Jamison*, No. 25-cv-6490, 2025 WL 3461542 (E.D. Pa. Dec. 2, 2025) (Henry, J.); *Yilmaz v. Warden, FDC*, No. 25-cv-6572, 2025 WL 3459484 (E.D. Pa. Dec. 2, 2025) (Rufe, J.); *Nogueira-Mendes v. McShane*, No. 25-cv-5810, 2025 WL 3473364 (E.D. Pa. Dec. 3, 2025) (Slomsky, J.); *Juarez Velazquez v. O'Neill, et al.*, No. 25-cv-6191, 2025 WL 3473363 (E.D. Pa. Dec. 3, 2025) (Henry, J.); *Perez-Suspes v. Rose, et al.*, No. 25-cv-6608, 2025 WL 3492820 (E.D. Pa. Dec. 5, 2025) (Brody, J.); *Delgado Villegas v. Bondi, et al.*, No. 25-cv-6143 (E.D. Pa. Dec 4, 2025) (Diamond, J.); *Hidalgo et al. v. O'Neill, et al.*, No. 25-cv-6775 (E.D. Pa. Dec. 5, 2025) (Diamond, J.); *Conde v. Jamison, et al.* No. 25-cv-6551, 2025 WL 3499256 (E.D. Pa. Dec. 5, 2025) (Brody, J.); *Rodrigues Pereira v. O'Neill, et al.*, No. 25-cv-6543, 2025 WL 3516665 (E.D. Pa. Dec. 8, 2025) (Marston, J.); *Bhatia v. O'Neill, et al.*, No. 25-cv-6809, 2025 WL 3530075 (E.D. Pa. Dec. 8, 2025) (Rufe, J.); *Anirudh v. McShane, et al.*, No. 25-cv-6458, 2025 WL 3527528 (E.D. Pa. Dec. 8, 2025) (Bartle, J.); *Acosta-Cibrian*, No. 25-cv-6650 (E.D. Pa. Dec. 9, 2025) (Gallagher, J.); *Picon v. O'Neill, et al.*, No. 25-6731, 2025 WL 3634212 (E.D. Pa. Dec. 15, 2025) (Perez, J).

7. Accordingly, if Mr. Mezquita is subject to detention at all, it is under 8 U.S.C. § 1226(a). The Government shall **RELEASE** Mr. Mezquita from custody immediately and certify compliance with this Order by filing on the docket no later than **5:00 p.m. ET** on Wednesday, **March 4, 2026**;

8. The Government is temporarily enjoined from re-detaining Mr. Mezquita for seven days following his release from custody;

9. If the Government chooses to pursue re-detention of Mr. Mezquita after that

seven-day period, it must first provide him with a bond hearing, at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings; and

10.     Pending the ordered bond hearing, the government cannot remove, transfer, or otherwise facilitate the removal of Mr. Mezquita from the Eastern District of Pennsylvania before the ordered bond hearing.  If an immigration judge determines that Mr. Mezquita is subject to detention under 8 U.S.C. § 1226(a), the Government may request permission from the court to move Mr. Mezquita if unforeseen or emergency circumstances arise that require him to be removed from the District.  Any such request must include an explanation for the request as well as a proposed destination. We will then determine whether to grant the request and permit transfer of Mr. Mezquita.

_____
**MURPHY, J.**